**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALISTAIR STEWART, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-05964 |
| Plaintiff, | Hon. Joan H. Lefkow |
| v. | |
| ADVOCATE AURORA HEALTH, INC. and META PLATFORMS, INC., | |
| Defendants. | |

**Consolidated with**

| | |
|---|---|
| ANGEL AJANI, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-06559 |
| Plaintiff, | Hon. Joan H. Lefkow |
| v. | |
| ADVOCATE AURORA HEALTH, INC., | |
| Defendant. | |

**PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**

Plaintiffs Alistair Stewart and Angel Ajani, on behalf of themselves and the putative class of similarly situated individuals, hereby move, by and through their counsel, for the appointment of their undersigned as class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Specifically, Plaintiffs request that the Court appoint Stephan Zouras, LLP and Chicago Consumer

Law Center, P.C. as interim class counsel in this case against Defendant Advocate Aurora Health, Inc. ("Advocate" or "Defendant").[1] In support of this motion, Plaintiffs state as follows:

## INTRODUCTION

This litigation stems from Advocate's practice of violating its patients' privacy rights by knowingly and repeatedly intercepting, accessing, and disclosing to Meta Platforms, Inc. ("Meta"), the parent company of Facebook, the personally identifiable, sensitive and confidential statutorily-protected patient health information ("PHI") of patients without their knowledge, authorization, or consent. Like many other hospitals and healthcare providers, Advocate encourages patients to use its purportedly "secure" patient online MyChart portal (branded as "LiveWell" to patients) to communicate with doctors, request prescription refills, access test results, view their account details, schedule appointments, make payments, and access their doctor's notes. Patients of Advocate have a reasonable expectation of privacy that the content of their communications and PHI shared with Advocate will not be intercepted, transmitted, re-directed, or disclosed by Advocate to any third party. Nevertheless, whenever a patient uses Advocate's websites and applications, including its LiveWell portal, Advocate used Meta tracking pixels installed in the code to intercept, contemporaneously cause transmission of personally identifiable patient information and PHI to Meta without patients' knowledge, consent, or authorization.

On October 20, 2022, Advocate acknowledged its conduct when it posted a "Notice of Data Breach" on its website, publicly disclosing for the first time that "[w]hen using some Advocate Aurora Health sites, certain protected health information ("PHI") would be disclosed in

---

[1] On November 28, 2022, this Court granted Meta Platforms, Inc.'s and Plaintiff Alistair Stewart's joint motion to sever Plaintiff's claims against Meta for transfer to the Northern District of California and consolidation with In re Meta Pixel Healthcare Litigation, Case No. 22-cv-03580-WHO. (ECF No. 17.)

particular circumstances to specific vendors because of pixels on our websites or applications."[2] Advocate's investigation found that the sensitive patient information transmitted to Meta included patient IP addresses; dates, times, and/or locations of scheduled appointments; patients' proximity to an Advocate location; information about patients' medical providers; type of appointment or procedure; communications between patients and others through MyChart, which may have included first and last names and medical record numbers; information about whether patients had insurance; and, if patients had a proxy MyChart account, the patient's first name and the first name of their proxy.

In the wake of Advocate's admissions, Plaintiffs Alistair Stewart and Angel Ajani, Advocate patients, each filed suit on behalf of themselves and putative classes of all other affected Advocate patients, seeking legal and equitable remedies to redress Advocate's practice of intercepting and disclosing personally identifiable patient information and other PHI, along with other monetary and injunctive relief. On October 24, 2022, Plaintiff Angel Ajani filed action (the "*Ajani*" action) in the Circuit Court of Cook County, *Ajani v. Advocate Aurora Health, Inc.*, No. 2022-CH-10471, which Advocate removed to this Court on November 22, 2022. (*See attachments to* ECF No. 14.) The *Ajani* action brings Illinois statutory and common law claims for damages and injunctive relief arising from Advocate's use of the Meta Pixel on its LiveWell platform. On October 28, 2022, Plaintiff Alistair Stewart filed action (the "*Stewart* action") in this Court alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* and common law claims against Advocate also arising from Advocate's use of the Meta Pixel on its LiveWell platform. (ECF No. 1.) On November 23, 2022, Advocate moved to reassign the *Ajani* action to

---

[2] *See* https://www.advocateaurorahealth.org/pixel-notification/.

this Court and consolidate it with the *Stewart* action (ECF No. 14), which this Court granted on November 28, 2022. (ECF No. 17.)

To promote the efficient and orderly prosecution of the claims in the consolidated actions, Plaintiffs move, on behalf of themselves and the putative class of similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23(g)(3), for the appointment of their undersigned counsel as interim class counsel. Specifically, Plaintiffs request that the Court appoint Stephan Zouras, LLP ("Stephan Zouras") and the Chicago Consumer Law Center, P.C. ("CCLC") (collectively, "Proposed Interim Counsel") to serve as interim class counsel. The designated attorneys and firms are qualified, and their appointment as interim class counsel will serve to protect the interests of putative class members precertification, promote judicial efficiencies, and organize the litigation as current and former Advocate patients continue to assert related claims. Accordingly, Plaintiffs respectfully request that the Court grant their Motion in its entirety.

**I.      ARGUMENT**

Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification . . . ." *Manual for Complex Litigation* § 21.1 (4th ed. 2004). The 2003 Committee Notes to Rule 23 acknowledge that appointment of interim counsel is appropriate in circumstances, such as these, where multiple, overlapping actions exist and where more may be filed. The Committee observed:

> Before class certification . . . it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the

4

>lawyer who filed the action. *In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.*

Fed. R. Civ. P. 23 Advisory Committee Notes (2003) (emphasis added). In complex cases, further structure, including co-lead counsel, liaison counsel, and established committees may be appropriate. NEWBERG ON CLASS ACTIONS § 10:9 (5th ed.).

While a complicated committee structure is not likely appropriate here, appointment of interim co-lead counsel is appropriate under these circumstances. Two cases in the U.S. District Court for the Northern District of Illinois and three cases in the U.S. District Court for the Eastern District of Wisconsin have already been filed to address Advocate's unlawful interception, access, and disclosure of its patients' personally identifiable patient information and statutorily-protected patient health information, and more are likely to follow. A formal structure will facilitate a cooperative and organized prosecution of these actions. Interim class counsel will allow the firms involved to pool their resources and coordinate litigation efforts, deciding who, for example, will draft which briefs, attend and lead hearings, review documents, and take depositions. Appointment of interim class counsel will also allow the attorneys to work towards one coordinated class certification strategy, minimizing duplicative work.

When determining who should serve as interim class counsel under Rule 23(g), the court must consider the following factors:

>(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Crude Oil Commodity Futures Litig.*, No. 11 CIV. 3600 WHP, 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012) ("The same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel."). The Court

5

may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). Under this test, appointment of the attorneys of Stephan Zouras and CCLC as interim co-lead counsel is warranted.

### A. Proposed Interim Counsel Have Thoroughly Investigated and Advanced the Class's Claims and Are Committed to Continuing Their Efforts.

Proposed Interim Counsel have dedicated—and will continue to dedicate—substantial resources to investigating the facts underlying this consolidated action and developing the legal bases for liability. Proposed Interim Counsel has extensively vetted the claims of the putative class in preparation for initiating this action. (*See* Declaration of Ryan F. Stephan ("Stephan Decl.") ¶ 12, attached hereto as Exhibit 1; Declaration of Bryan Thompson ("Thompson Decl.") ¶ 12, attached hereto as Exhibit 2.) The investigations are informed by Proposed Interim Counsel's extensive experience in class action litigation and have included (1) ongoing investigation of Advocate and Meta's practices of intercepting and disclosing personally identifiable patient information and statutorily-protected patient health information; (2) detailed examination of Advocate and Meta's privacy policies; (3) substantial research to determine how best to prosecute the case; and (4) interviewing Plaintiffs Alistair Stewart and Angel Ajani. (Stephan Decl. ¶ 12; Thompson Decl. ¶ 12.)

### B. Proposed Interim Counsel Are Well-Respected Members of the Plaintiffs' Bar, With Widely Recognized Expertise in Class Actions.

#### 1. Stephan Zouras is Qualified and Suitable To Serve As Interim Lead Counsel.

For the last 15 years, Stephan Zouras, LLP has concentrated on high-stakes class and collective action litigation. (*See* SZ Firm Resume, Exhibit A to Stephan Decl.) Stephan Zouras has extensive experience in successfully representing plaintiffs as lead counsel in hundreds of class and collective actions nationwide. (*Id.*) In these cases, the attorneys at Stephan Zouras have helped

6

establish precedent, forced major corporations to change unlawful practices and helped recover hundreds of millions of dollars for their clients. (Stephan Decl. ¶ 7.)

Since approximately 2002, Ryan F. Stephan's practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws, including the Fair Labor Standards Act ("FLSA") and comparable state wage and hour laws across the United States. (*Id.* ¶ 4.) The majority of these cases proceeded as collective actions under § 216(b) of the FLSA and/or set forth class action claims under state wage laws. (*Id.*) Beginning in 2017, after recognizing that Illinois employees' biometric privacy rights were being violated on a widespread basis, Mr. Stephan, together with his law partner, James B. Zouras and Stephan Zouras attorneys, pioneered class actions brought under the Illinois Biometric Information Privacy Act ("BIPA") on behalf of aggrieved Illinois employees. (*Id.* ¶ 5.) Stephan Zouras filed one of the first BIPA class actions in the employment context as well as the first-ever against a biometric timeclock vendor, *Doporcyk v. Roundy's Supermarkets, Inc. and Kronos, Inc.*, 17-CH-08092 (Cook Cty. Cir. Ct. Jun. 09, 2017). (*Id.*)

Since then, Mr. Stephan and the Stephan Zouras legal team have zealously advocated for the biometric privacy rights of hundreds of thousands of Illinois employees and consumers alike in hundreds of BIPA cases, developing the law and achieving market-setting settlements. (*Id.* ¶ 6.) Stephan Zouras has secured favorable rulings for individuals at both the appellate and trial court levels in connection with novel issues and defenses asserted under BIPA[3] and is leading three

---

[3] These include: (1) BIPA claims are not subject to arbitration as "wage and hour" claims, *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645; (2) the constitutionality of BIPA, *Bruhn v. New Albertson's*, 2018-CH-01737 (Cir. Ct. Cook Cty. Jan. 30, 2020) (J. Loftus); (3) that Illinois courts have personal jurisdiction over non-resident defendants that manufacture biometric devices, *Fisher v. HP Property Management, LLC*, 2021 IL App (1st) 201372; and, most recently, (4) the inapplicability of BIPA's so-called "HIPAA exemption" to hospital employees, *Mosby v. The Ingalls Memorial Hospital*, 2022 IL App (1st) 200822.

7

BIPA matters currently pending before the Illinois Supreme Court: *Cothron v. White Castle Systems, Inc.*, Case No. 128004, involving whether an aggrieved plaintiff's claims accrue each time an entity collects or disseminates biometric data without securing prior informed consent and a release; *Tims v. Black Horse Carriers, Inc.*, Case No. 127801, involving whether that claims under Sections 15(a) and (b) of BIPA are subject to a five-year statute of limitations; and *Walton v. Roosevelt University*, Case No. 128338, involving whether BIPA claims by union member employees are preempted by the federal Labor Management Relations Act. (*Id.*)

Since founding the firm in 2007, Mr. Stephan, along with his law partner James B. Zouras, has secured a significant number of seven and eight-figure jury verdicts and settlements on behalf of aggrieved employees and victims of corporate negligence and abuse. (*Id.* ¶ 8.) As noted above, in addition to myriad successful settlements in class and collective employment actions, Stephan Zouras's pioneering efforts in Illinois's BIPA field include unparalleled eight-figure settlements on behalf of classes of employees and consumers whose biometric privacy rights were infringed. (*See Id.*; Ex. A to Stephan Decl.) In every year since 2009, Mr. Stephan and Mr. Zouras have been selected by *Chicago Magazine*'s Super Lawyer Section as top attorneys in Illinois, a distinction given to no more than 5% of the attorneys in the state. (*Id.* ¶ 2.)

Teresa M. Becvar, a Partner of Stephan Zouras, has spent the entirety of her career with Stephan Zouras attaining extensive experience prosecuting class and collective action litigation on behalf of Stephan Zouras clients. (*Id.* ¶ 15.) Since joining the firm, Ms. Becvar has handled a wide range of legal disputes, including unpaid wages, employee misclassification, and consumer fraud claims, having achieved numerous six and seven-figure settlements on behalf of aggrieved individuals, including employees denied proper compensation and benefits by their employers.

8

(*Id.*) Ms. Becvar has also been recognized as a Super Lawyer "Rising Star" by *Chicago Magazine* every year since 2016. (*Id.*)

Courts have recognized Stephan Zouras for their efforts prosecuting class and collective actions. As observed by Judge Kennelly, "[Stephan Zouras] have substantial class action experience, and they have secured multi-million dollar class recoveries in the past." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018). Further, Magistrate Judge Cole recently noted that "[Stephan Zouras] display[s] an extraordinary measure of excellence and courtesy that is unfortunately all too rare in today's fractious and overly competitive atmosphere. They brought conspicuous skills to this case, and their conduct is proof that lawyers can act civilly and courteously in their dealings…without sacrificing in the slightest the obligations owed to their clients."[4] These observations were echoed by an arbitrator overseeing an employment class action successfully prosecuted by Stephan Zouras, in which he found that "[c]laimants' counsel rendered exemplary services for [their] clients and acted with great care, diligence, and professionalism."[5]

Most recently, judges have appointed Stephan Zouras as interim lead counsel in state-wide class actions against GEICO in Illinois and California challenging GEICO's practice of unfairly charging pre-pandemic auto insurance rates during the changed circumstances of the COVID-19 pandemic and failing to issue adequate refunds.[6] Stephan Zouras attorneys have additionally been recently appointed as interim class counsel in state-wide class actions brought under the Illinois

---

[4] *See* Order, *Bello v. The Parc at Joliet, LLC*, N.D. Ill. Case No. 1:18-cv-08196 (Aug. 18, 2020). (Stephan Decl., Ex. B.)

[5] *See* Final Approval Order, *Goh v. NCR Corporation*, AAA Case # 1-15-0004-0067 (Feb. 25, 2019) ¶ 8. (Stephan Decl., Ex. C.)

[6] *See* Order, *Siegal v. GEICO Casualty Co. et al.*, N.D. Ill. Case No. 1:20-cv-04306 (Aug. 21, 2020), at *1; Order, *Day v. GEICO Casualty Co, et al.*, N.D. Cal. Case No. 21-cv-02103-BLF (July 15, 2021) at *1-2. (Stephan Decl., Exs. D-E.)

Biometric Information Privacy Act against Kronos Incorporated and ADP, LLC, the two foremost leading providers of human resource management software and timekeeping services, on behalf of putative classes of hundreds of thousands of aggrieved Illinois resident employees.[7]

### 2. Chicago Consumer Law Center is Qualified and Suitable To Serve As Interim Co-Lead Counsel.

Attorneys Bryan Thompson and Robert Harrer of Chicago Consumer Law Center ("CCLC") also have significant experience in class action and complex consumer litigation. Attorneys Thompson and Harrer have dedicated their career to representing consumers in financial services and consumer protection litigation, typically against much larger companies with greater resources.

Bryan Thompson has over 10 years of legal experience, almost all of which has focused on consumer protection litigation. (Thompson Decl. ¶ 3.) He has been counsel or lead counsel in both individual and class actions filed under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Illinois Consumer Fraud Act, and other federal and state consumer protection statutes. (*Id.* ¶¶ 5-6.) He has also been appointed class counsel in classes certified in both state and federal court. (*Id* ¶ 6.) For example, he was appointed lead counsel in *Badillo v. Consumer Protection Legal Center*, resulting in one of the first class-wide settlements under the Illinois Debt Settlement Consumer Protection Act. *Badillo v. Consumer Protection Legal Center*, 2020-CH-2962 (Cir. Ct. Cook Cty.).

Mr. Thompson is a Certified Information Privacy Professional (CIPP/US) by the International Association of Privacy Professionals, often considered the gold standard in privacy

---

[7] *See* Order, *Figueroa v. Kronos, Inc.*, N.D. Ill. Case No. 1:19-cv-01306 (Sept. 19, 2019) at *1; Order, *Bernal v. ADP, LLC*, Ill. Cir. Ct. Cook Cty. Case No. 2017-CH-12364 (Nov. 19, 2019) at *1. (Stephan Decl., Exs. F-G.)

certification. (Thompson Decl. ¶ 11.) He also frequently presents continuing legal education courses on consumer law and litigation topics and has held leadership positions in legal and consumer law focused groups, including membership in the National Association of Consumer Advocates Ethics Committee and Judicial Committee, Chair of the Chicago Bar Association Consumer Law Committee, Member of the Illinois State Bar Association Committee on the Delivery of Legal Services, and elected member of the Illinois State Bar Association Assembly. (*Id.* ¶¶ 8-9.) He has also been selected as a Super Lawyer "Rising Star" by *Chicago Magazine* every year since 2020. (*Id.* ¶ 8.)

Robert Harrer has over 8 years of legal experience, all of which has focused on consumer protection litigation. (Declaration of Robert Harrer ¶ 3, attached hereto as Exhibit 3.) He has been counsel in both individual and class actions filed under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Illinois Consumer Fraud Act, and other federal and state consumer protection statutes. (*Id.* ¶ 6.) Mr. Harrer's previous work experience in technology strategy consulting, coupled with his experience as co-counsel on class cases, makes him uniquely qualified to participate in data breach cases such as this case. (*Id.* ¶¶ 4, 7.)

      C.    **<u>Proposed Interim Counsel Have Sufficient Resources to Represent the Class in This Action.</u>**

Proposed Interim Counsel have the resources to vigorously litigate this case. Stephan Zouras has eleven full-time attorneys, led by Ryan F. Stephan and James B. Zouras, who, along with extensive, sizeable support staff, are based in its Chicago headquarters and Philadelphia office and are actively involved in the firm's dedicated nationwide class action practice. (Stephan Decl. ¶ 11.) Stephan Zouras has extensive experience in this forum and has the means to litigate multiple class actions simultaneously. Stephan Zouras has the financial resources necessary to prosecute this case and has stood ready and remains able and willing to advance necessary expenses and

11

devote significant attorney time from its roster of highly qualified attorneys and staff to all aspects of this case. (*Id.* ¶ 15.) Stephan Zouras is qualified to serve as interim counsel for the putative class.

CCLC has the time and resources, in conjunction with Stephan Zouras, to prosecute this matter. Mr. Thompson and Mr. Harrer have significant experience in class action and complex consumer litigation and significant experience litigating in the Northern District of Illinois and other federal courts. CCLC also has the financial resources to work with Stephan Zouras in the advancement of this case and has advanced expenses in this matter so far and will continue to be able to do so in this action. (Thompson Decl. ¶ 11.)

## CONCLUSION

Proposed Interim Counsel Stephan Zouras and CCLC are strong candidates, analyzed under the factors of Rule 23(g), for the appointment of interim counsel. Ryan F. Stephan and Bryan Thompson—along with the attorneys at their respective firms—have been leaders in class action suits. The firms have the resources to prosecute this action. Proposed Interim Counsel are the appropriate attorneys to represent the class. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Stephan Zouras, LLP and the Chicago Consumer Law Center, P.C. as interim class counsel and grant any further relief as may be appropriate and just.

Dated: December 7, 2022                Respectfully Submitted,

By: */s/ Ryan F. Stephan*

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150

Chicago, IL 60606
(312) 233-1550
(312) 233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
(312) 858-3239
(312) 610-5646 *f*
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Michael Kind, Esq. (*pro hac vice forthcoming*)
Nevada Bar No. 13903
KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 *f*
mk@kindlaw.com

*Attorneys for Plaintiffs and the Putative Class*

13

**CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on December 7, 2022, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                                            */s/ Ryan F. Stephan*